UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

------------------------------------------------------------x
                                                            :
In re the Application of NEXSTAR ESM                        :
HOLDINGS (CAYMAN), LTD. for an order, pursuant              :
to 28 U.S.C. § 1782, to conduct discovery for use in        :   Case: 1:10-mc-00054-LMB
proceedings pending in (a) the Grand Court of the           :
Cayman Islands, Financial Services Division, styled         :
In the Matter of Section 94 of the Companies Law            :
(2010 Revision), and *In the Matter of GFP Dunas*           :
*Partners Holdings, Inc.*, Cause No. 218/2010 and (b)       :
The Fifth Transitional Civilian Court of Ica, Peru,         :
styled *Nexstar ESM Holdings (Cayman) Ltd. v.*              :
*Ismael Rodriguez Ayala and Others,*                        :
*Concerning the Removal of Directors and Managers*,         :
Record No. 00841-2010.                                      :
                                                            :
------------------------------------------------------------x

## REPLY DECLARATION OF ROBERTO JESUS SANTIVAÑEZ SEMINARIO

ROBERTO JESUS SANTIVAÑEZ SEMINARIO, declares under penalty of perjury as follows:

1.  I am a Partner in the law firm Santivañez Abogados, located at Av. República de Panamá Nº 3030, Floor 8, San Isidro, Lima, Perú, counsel to Nexstar ESM Holdings (Cayman) Ltd. ("Nexstar"). I make this reply declaration in further support of Nexstar's application for discovery pursuant to 28 U.S.C. § 1782.

2.  I am a graduate from Pontifical Catholic University of Peru (LL.B. 1996) and from Stanford Law School (JSM 2001, and JSD-candidate). I am law professor at post-graduate programs of the Pontifical Catholic University of Peru, the Peruvian University of Applied Sciences and the ESAN University.

3. Nexstar is the petitioner before the Fifth Transitional Civilian Court of Ica, Peru in an action seeking the removal of the management of Electro Dunas S.A.A. styled *Nexstar ESM Holdings (Cayman) Ltd. v. Ismael Rodriguez Ayala and Others, Concerning the Removal of Directors and Managers*, Record No. 00841-2010 (the "Main Peruvian Action"), accessory to which is an action petitioning for an interim appointment of a Judicial Administrator during the main process (the "Accessory Peruvian Action"). (Both actions are referred collectively as the "Peruvian Actions")

4. The record in the Peruvian Action remains open for the inclusion of additional evidence. The Main Peruvian Action is at a very early stage of a lengthy process, initial hearings to assess the admissibility of the parties evidence is yet to be scheduled, and after that the parties can submit to the court additional evidence (related to the facts discussed in the case), at any time or at the appeal, as per articles 429 and 374 of the Peruvian Code of Civil Procedure,[1] respectively.

5. The Accessory Peruvian Action remains open for the inclusion of additional evidence until the case is submitted to the appellate division and such division notify the parties

---

[1] "Artículo 429.- Medios probatorios extemporáneos.-
Después de interpuesta la demanda, sólo pueden ser ofrecidos los medios probatorios referidos a hechos nuevos y a los mencionados por la otra parte al contestar la demanda o reconvenir.
De presentarse documentos, el Juez concederá traslado a la otra parte para que dentro de cinco días reconozca o niegue la autenticidad de los documentos que se le atribuyen."

"Artículo 374.- Medios probatorios en la apelación de sentencias.-
Sólo en los procesos de conocimiento y abreviados las partes o terceros legitimados pueden ofrecer medios probatorios en el escrito de formulación de la apelación o en el de absolución de agravios, y únicamente en los siguientes casos:
1. Cuando los medios probatorios estén referidos a la ocurrencia de hechos relevantes para el derecho o interés discutido, pero acaecidos después de concluida la etapa de postulación del proceso; y,
2. Cuando se trate de documentos expedidos con fecha posterior al inicio del proceso, o que comprobadamente no se hayan podido conocer y obtener con anterioridad.
Es inimpugnable la resolución por la que el superior declara inadmisibles los medios probatorios ofrecidos. Si fueran admitidos, se fijará fecha para la audiencia respectiva, la que será dirigida por el Juez menos antiguo, si el superior es un órgano colegiado."

2

that is expedited to rule, then under article 377 of the Peruvian Code of Civil Procedure,[2] no further process activity is allowed.

6. As of today, the case file of the Accessory Peruvian Action, has not yet been submitted to the appellate division by the trial court. Accordingly, the record still remains open for the submission of additional documentation, such as the documentary evidence Nexstar is seeking in the United States. In fact, all the parties to such action have been submitting additional documentation and evidence to the trial court, which has been including such documents as part of the appellate case file to be submitted to the appellate division, examples of that are:

- 5th Court Resolution No. 24, dated July 26, 2010, grants appeals submitted by plaintiffs and defendants.

- 5th Court Resolution No. 25, dated August 5, 2010, includes as part of the case record the reports from the Judicial Administrator and from Ernst & Young.

- 5th Court Resolution No. 28, dated August 9, 2010, includes a s part of the case record documentation submitted by Electro Dunas S.A.A.

---

[2] "Artículo 377.- Trámite de la apelación sin efecto suspensivo.-
La apelación se interpone dentro de los mismos plazos previstos en el Artículo anterior. En la misma resolución que concede la apelación sin efecto suspensivo y sin la calidad de diferida, el Juez precisará los actuados que deben ser enviados al superior, considerando los propuestos por el recurrente al apelar.
Dentro de tercero día de notificado el concesorio, la otra parte puede adherirse a la apelación y, de considerarlo, pedir al Juez que agregue al cuaderno de apelación los actuados que estime conveniente, previo pago de la tasa respectiva.
El Auxiliar jurisdiccional, dentro de cinco días de notificado el concesorio, bajo responsabilidad, remitirá al superior, por facsímil u otro medio, copia completa y legible de las piezas indicadas por el Juez, además del oficio de remisión firmado por éste, agregando el original al expediente principal, dejando constancia de la fecha del envío.
Una vez el cuaderno ante el superior, éste comunicará a las partes que los autos están expeditos para ser resueltos. En este trámite no procede informe oral, ni ninguna otra actividad procesal. Sin perjuicio de ello, el superior podrá de oficio citar a los Abogados a fin que informen o respondan sobre cuestiones específicas contenidas en la resolución apelada"

- 5th Court Resolution No. 29, dated August 17, 2010, includes as part of the case record documentation submitted by plaintiff.
- 5th Court Resolution No. 30, dated August 17, 2010, includes as part of the case record documentation submitted by the defendants.
- 5th Court Resolution No. 36, dated September 9, 2010, includes as part of the case record documentation submitted by the defendants.

7. Further, as per article 194 of the Peruvian Code of Civil Procedure,[3] all judges and/or justices have authority to procure or include in the process all additional evidence deemed appropriate.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 8, 2010

_____
Roberto Jesus Santivañez Seminario

---

[3] "Artículo 194.- Pruebas de oficio.-
Cuando los medios probatorios ofrecidos por las partes sean insuficientes para formar convicción, el Juez, en decisión motivada e inimpugnable, puede ordenar la actuación de los medios probatorios adicionales que considere convenientes.
Excepcionalmente, el Juez puede ordenar la comparecencia de un menor de edad con discernimiento a la audiencia de pruebas o a una especial."

4